UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

WILLIAM ADAMS,  No. 6:12-cv-00108-TC

                 Plaintiff,

        v.  FINDINGS AND RECOMMENDATION

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

                 Defendant.

      Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for Social Security disability insurance benefits under Title II of the Social Security Act. For the following reasons, I recommend the Commissioner's decision be affirmed.

      Plaintiff applied for benefits on March 20, 2008, asserting disability beginning October 1, 2006. Tr. 10. After a hearing on December 14, 2010, the administrative law judge ("ALJ") determined that plaintiff is not disabled based upon the five-step sequential evaluation process for disability. 20

Page 1 - FINDINGS AND RECOMMENDATION

C.F.R. § 416.920(a); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Plaintiff has not engaged in substantial gainful employment since the time of his application for benefits. Tr. 12. Plaintiff reports a combination of ailments that have led to his alleged disability. Tr. 12-14. The ALJ determined that plaintiff suffers from degenerative disc disease of the lumbosacral spine, hepatitis C, depression, anxiety, pain disorder, and rule out alcohol abuse. Tr. 10, 12-13. However, the ALJ determined that these impairments did not rise to the level of severity that is statutorily required for a finding of disability. Tr. 14. The ALJ further determined that plaintiff's residual functional capacity ("RFC") allowed him to perform his past relevant work ("PRW") as a mower for a golf course[1] and, thus, he was not disabled. Tr. 16, 19, 21.

Plaintiff argues that the ALJ erred because he did not discuss the mental demands of plaintiff's PRW and that such was required in this case to comply with Social Security Ruling ("S.S.R.") 82-62.

S.S.R. 82-62 mandates that

> [s]ufficient documentation will be obtained to support the decision [as to whether plaintiff is able to perform PRW] . . . . Adequate documentation of past work includes factual information about those work demands which have bearing on the <u>medically established limitations</u>. Detailed information about strength, endurance, manipulative ability, mental demands, and other job requirements must be obtained <u>as appropriate</u>.

S.S.R. 82–62, 1982 WL 31386, at *4 (emphasis added).

Plaintiff's argument fails as, after a reasonable evaluation of the record, the ALJ determined in his RFC that the effect of plaintiff's mental limitations did not go beyond the limitation of no more

---

[1] The ALJ extensively referenced exhibits 4E and 13E of the case transcript which are work history reports that plaintiff filled out and completed. Tr. 19-20, 150, 185. In these reports, plaintiff indicated that he mowed grass all day for eight hours with the exception of grading and cleaning sand traps for two hours every two weeks. Tr. 20, 185, 187. He further indicated that his job involved sitting and he was not required to carry or lift anything and did not climb, balance, stoop, kneel, crouch, reach, or handle. Tr. 20, 187.

Page 2 - FINDINGS AND RECOMMENDATION

than occasional interaction with the public. Tr. 16. As such, mental limitations beyond this were not "medically established limitations," see S.S.R. 82-62, and detail regarding them was not required. The vocational expert testified that an individual with plaintiff's age, education, work history, and residual functional capacity would be capable of meeting the mental demands of the mower job as plaintiff performed it. Tr. 59. Indeed, the mower job as plaintiff described it involved no public contact. Tr. 59-60. The ALJ's reliance on this testimony was proper and consistent with S.S.R. 82-62.

Plaintiff's other general arguments regarding PRW also fail. A claimant may be found not disabled at step four based on a determination that the person can perform PRW as it was actually performed or as it is generally performed in the national economy. S.S.R. 82–61, 1982 WL 31386, at *2. "An ALJ need not render 'explicit findings at step four regarding a claimant's past relevant work both as generally performed and as actually performed.'" Byrd v. Astrue, 2009 WL 1351206, at *6-7 (W.D. Wash. May 9, 2009) (quoting Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001)). The ALJ properly chose to determine plaintiff's ability to perform PRW based on PRW as actually performed, and as such, did not err in not considering whether plaintiff could work as a golf course mower as generally performed in the national economy.[2]

Plaintiff asserts that the ALJ erred in failing to accept plaintiff's testimony regarding his fatigue from hepatitis C. An ALJ can reject the claimant's testimony about the severity of his or her symptoms only by offering specific, clear and convincing reasons for doing so. Smolen v. Chater, 80

---

[2]Plaintiff also asserts the ALJ and the vocational expert erred because they misidentified the title of DOT #406.683-010. I find that any possible error the ALJ and the vocational expert made in misidentifying the title of DOT #406.683-010 was harmless because the ALJ chose not to analyze whether plaintiff could perform DOT #406.683-010 as it is generally performed in the national economy but rather whether plaintiff could perform the duties of his previous job as he had actually performed them.

Page 3 - FINDINGS AND RECOMMENDATION

F.3d 1273, 1281 (9th Cir. 1996). The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995). A claimant's inconsistent statements about the claimant's history of substance abuse and contradictions between a claimant's complaints and his or her self-reported activities are clear and convincing reasons for rejecting a claimant's testimony. Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002). Contrary to plaintiff's assertions that the ALJ failed to properly reject plaintiff's testimony, the ALJ specifically wrote in his decision that plaintiff's statements concerning the intensity, persistence and limiting effects of plaintiff's symptoms were not credible. Tr. 16. The ALJ determined and spelled out in his decision that objective medical evidence and medical opinions did not support the degree of limitation that plaintiff alleged, plaintiff's activity level was inconsistent with his testimony and plaintiff's inconsistent statements as to his alcohol use undermined his credibility.[3] Tr. 16-18, 53-55, 245. I find the ALJ adequately rejected plaintiff's testimony and, as such, did not err in failing to accept plaintiff's testimony regarding his symptoms of fatigue from hepatitis C.

Plaintiff alleges the ALJ did not properly reject Dr. Dorothy Anderson's recommendation that plaintiff work in a non-hazardous environment because of a susceptibility of substance abuse. Section 223 of the Social Security Act states that "[a]n individual shall not be considered to be disabled for purposes of this title if alcoholism or drug addiction would . . . be a contributing factor material to

---

[3]Specifically, the ALJ pointed to Dr. Michelle Whitehead's evaluation of plaintiff; plaintiff's activities including daily walking, fishing, driving, grocery shopping, performing simple chores, and, on occasion shooting hoops; and plaintiff's inconsistent testimony on his alcohol consumption.

Page 4 - FINDINGS AND RECOMMENDATION

the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C).

> Under the implementing regulations, the ALJ must conduct a drug abuse and alcoholism analysis (DAA Analysis) by determining which of the claimant's disabling limitations would remain if the claimant stopped using drugs or alcohol. The DAA analysis must be performed after the ALJ has made the five-step disability determination.

Monan v. Astrue, 377 F. App'x 629, 630 (9th Cir. 2010) (citations omitted) (internal quotation marks omitted). Here, Dr. Anderson's suggestion that plaintiff work in a non-hazardous environment was explicitly related to plaintiff's susceptibility to drug and alcohol abuse. Tr. 277. While the ALJ did not adopt this recommendation, the ALJ determined plaintiff was not disabled and, therefore, did not undergo a drug abuse and alcoholism analysis (DAA analysis) where the limitation would have been disregarded as a factor material to the ALJ's disability determination. I find the ALJ's failure to address Dr. Anderson's recommendation as to plaintiff's functional capacity limitation to non-hazardous environments due to substance abuse susceptibility was not error, or was at most, harmless error.

Plaintiff asserts the ALJ erred by improperly rejecting plaintiff's testimony regarding his fatigue. This argument is similar to the one previously asserted and is found unpersuasive for the same reasons. Plaintiff made inconsistent statements as to his history of substance abuse and there were contradictions between his complaints and his self-reported activities. I find the ALJ provided clear and convincing reasons for rejecting plaintiff's testimony.

I find the ALJ did not err in finding plaintiff not disabled under Title II of the Social Security Act.

## CONCLUSION

I recommend the decision of the Commissioner be affirmed.

DATED this __13__ day of May, 2013.

                                                  THOMAS M. COFFIN
                                            United States Magistrate Judge